IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAUREL ROGERS,                              )
                                            )
              Plaintiffs,                   )
v.                                          )        CIVIL ACTION NO. 2:09cv288-WKW
                                            )
CITY OF MONTGOMERY, *et al.,*               )
                                            )
              Defendants.                   )

**ORDER AND
REPORT AND RECOMMENDATION**

This matter has been referred to the undersigned "for all pretrial proceedings and entry
of any orders or recommendations as may be appropriate."  Order (Doc. #21).  Defendants
have filed a Motion To Dismiss For Lack of Prosecution or in the Alternative Motion to
Compel Discovery (Doc. #22).  The Court entered an Order (Doc. #23) directing Plaintiff to
respond to the Motion.  Plaintiff has now filed a Letter Response (Doc. #26) to Defendants'
Motion.

Defendants' Motion is based on Plaintiff's failure to answer interrogatories and
requests for production propounded to Plaintiff in May of 2009.  At the time, Plaintiff was
represented by counsel.  After Plaintiff's counsel terminated representation of Plaintiff,
Defendants again propounded the interrogatories and requests for production to Plaintiff in
December of 2009.  On February 16, 2010, Defendants filed the instant motion seeking
dismissal of this cause of action or, alternatively, to compel Plaintiff to respond to the

1

discovery requests.  Plaintiff's Letter Response indicates his belief that his former counsel responded to the discovery requests on July 3, 2009.  He asserts that, if Defendants have not received a response to their discovery requests, then he has been "mislead" by former counsel.  He further asserts that he has not responded to the December, 2009, "duplicate request" for discovery because he is unable to "pay notary, and shipping fees for redundant requests."  Letter Response (Doc. #26).

Rule 41(b) of the Federal Rules of Civil Procedure states as follows: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Dismissal for failure to prosecute under Rule 41(b) is "considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).  To warrant such dismissal, there must be "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."  *Id.* (quotations omitted).  The Court is unable to make the findings necessary to impose the extreme sanction of dismissal in this instance.  The record does not yet evince any "willful contempt" of Court orders, or that a lesser sanction will not suffice.  The Court is persuaded, in part, by Plaintiff's prompt response to this Court's Order that he respond to Defendants' Motion.  Based on this record, the undersigned finds that dismissal under Rule 41(b) is not appropriate.  However, it is also apparent that Plaintiff has failed, whether as a result of deliberation or misunderstanding, to comply with Defendants' valid requests for discovery.  Moreover, Plaintiff's contention that he is unable to afford the costs of such

compliance is unavailing.  In noticing his intent to proceed with his case *pro se*, s*ee* Letter (Doc. #19), Plaintiff has affirmed that he will incur whatever costs are associated with the administration of his case.  He may not avoid the obligations imposed by the rules of procedure and orders of this Court merely by asserting "financial hardship."

For all of the reasons stated above, it is the RECOMMENDATION of the undersigned that Defendants' Motion to Dismiss (Doc. #22) be DENIED.  However, it is

ORDERED that the alternative relief Defendants request in their Motion to Compel (Doc. #22) is GRANTED.  Plaintiff shall submit his response to Defendants' interrogatories and requests for production **on or before March 19, 2010.**  It is further

ORDERED that Plaintiff shall certify to the Court, **on or before March 19, 2010,** that he has complied with Defendants' discovery requests and this Order**.**  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **March 24, 2010**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

3

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

**The Court advises Plaintiff that his failure to comply with this or any other Order of the Court will lead the undersigned to recommend to the district judge that the Complaint be dismissed for failure to comply with this Court's Orders and abandonment of his claim(s).**

Done this 10th day of March, 2010.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE